UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



KELVIN M. THOMAS,
For himself and on behalf of all
Similarly situated individuals.

        Plaintiffs,

v.                             CIVIL ACTION NO.: 3:13-cv-825

FTS USA, LLC,

and

UNITEK GLOBAL SERVICES, INC.

        Defendants.

## CLASS COMPLAINT

COMES NOW, the Plaintiff, Kelvin M. Thomas, on behalf of himself and all similarly situated individuals and alleges the following claims:

### INTRODUCTION

1. This action is brought under the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681, *et seq*.

2. The FCRA imposes on employers that use a consumer's public records background check several important procedural requirements designed to protect consumers like Plaintiff.

3. Plaintiff was employed with Cableview Communications when it was sold to FTS USA, LLC, a subsidiary of Unitek Global Services, in the fall of 2011.

1

4. Defendants used a consumer report which they obtained from Backgroundchecks.com, a consumer reporting agency, to reject Plaintiff for employment.

5. In so doing they failed to comply with certain procedural protections and requirements imposed by the FCRA.

## JURISDICTION/VENUE

6. The Court has jurisdiction under the FCRA, 15 U.S.C. §1681 and 20 U.S.C. §1331.

7. Defendant FTS USA, LLC maintains its registered agent for service of process in Richmond, VA, which is located in this District and Division.

8. The job application process alleged herein occurred in Richmond.

9. The relevant employment records are maintained in Richmond.

10. The witnesses work in Richmond.

## NAMED PARTIES

11. Kelvin Thomas (hereinafter "Thomas") is a resident of Richmond, Virginia, and is "consumer" as protected and governed by the FCRA.

12. Defendant FTS USA, LLC (hereinafter "FTS") is a limited liability company headquartered in Madison, TN, and a subsidiary of UniTek Global Services.

13. At all times relevant hereto, FTS was a "user" of the consumer report of Plaintiff, as governed by the FCRA.

14. Defendant UniTek Global Services, Inc. (hereinafter "UniTek) is a publically traded company headquartered in Blue Bell, Pennsylvania doing business nationally, including but not limited to Virginia.

15. Defendant UniTek is a provider of engineering, construction management and installation fulfillment services to companies specializing in the telecommunications, broadband cable, wireless, two-way radio, transportation, public safety and satellite industries.

16. Defendant UniTek is operating by and through its subsidiary, FTS, in the Commonwealth of Virginia, and specifically within this district and division.

17. Defendant UniTek has also contracted to supply services or things in the Commonwealth of Virginia.

18. Defendant UniTek regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in the Commonwealth of Virginia.

19. At all times relevant hereto, UniTek was a "user" of the consumer report of Plaintiff, as governed by the FCRA.

20. Plaintiff intends to serve Defendant UniTek through the Secretary of the Commonwealth.

## UNNAMED PARTIES

21. Backgroundchecks.com (hereinafter "BGC") supplied the consumer report for Plaintiff to Defendants.

22. Backgroundchecks.com was and is a "consumer reporting agency" as defined in 15 U.S.C. §1681(f).

23. Backgrouncchecks.com was and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

3

24. The Defendants' duties under the FCRA are non-delegable, meaning that regardless of the Defendants' reliance on Backgroundchecks.com, Backgroundchecks.com's failures to perform, if any, in accordance with Defendants' FCRA duties are fully actionable as if they were performed directly by Defendants.

25. Upon information and belief, Defendants also obtained consumer reports purportedly for employment purposes from additional consumer reporting agencies during the FCRA statute of limitations.

26. During the FCRA statute of limitations period, those credit reporting agencies regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C.§1681(d) to third parties.

## FACTS AS TO THOMAS

27. Thomas applied for a job with Cableview Communications (hereinafter "Cableview") in September 2009.

28. Thomas applied for a job with Cableview to cover its territory in and about the Richmond, Virginia geographic area.

29. Cableview hired Plaintiff in the fall of 2009, and he continued to be employed there in September 2011.

30. In the fall of 2011 Cableview decided to sell its assets to FTS.

31. Cableview and FTS collectively ordered a consumer report on Thomas from BGC on September 30, 2011.

32. The consumer report contained numerous felony convictions for another

individual, a stranger, including felony distribution of marijuana, felony money laundering, felony statutory rape-no force, felony carnal knowledge of a juvenile, and listed him in the Louisiana sexual child predator offender registry.

33. On March 12, 2012, based on the results of the background report, Cableview declined to retain Thomas, and FTS declined to hire him.

34. March 12, 2012, was the first day that Plaintiff learned that BGC had provided an inaccurate consumer report to Defendants.

35. The consumer report Plaintiff saw on March 12, 2012 only referred to the marijuana and money laundering convictions, not the additional convictions mentioned above in Paragraph 32.

36. On March 12, 2012 Defendants declined to hire Plaintiff based on the results of the criminal background report, and specifically the criminal convictions therein, according to the representative of Cableview and FTS who delivered the news to Plaintiff.

37. Upon information and belief, Defendants did not provide Plaintiff with a written disclosure that they intended to obtain a copy of his consumer report for employment purposes.

38. Upon information and belief, Plaintiff did not provide Defendants with his written authorization for them to obtain his consumer report for employment purposes.

39. Defendants did not provide Plaintiff with the pre-adverse action notice required by the FCRA.

40. Defendants did not provide Plaintiff with a copy of the consumer report or written summary of his rights under the FCRA before they informed Plaintiff of his immediate termination.

41. Defendants did not provide a copy of the consumer report to Plaintiff a sufficient amount of time before they took the adverse action to allow Plaintiff to discuss the report with them or otherwise respond.

42. Defendants fired Plaintiff without providing him with any advance notice that they were going to take that adverse action, without providing him with a copy of the consumer report, and without providing him with a written summary of his rights under the FCRA.

43. Upon information and belief, it is the standard hiring practice of Defendants to rely on consumer reports, and when the results are unsatisfactory, to fire or refuse to hire people on the spot without giving them proper, written, advance notice of the adverse action, without first providing them with a copy of their consumer report, and without providing them with a written summary of their rights under the FCRA before taking the adverse action.

## LEGAL REQUIREMENTS

44. Section 1681b(b)(2)(A) of the FCRA regulates the conduct of persons who obtain a "consumer report" about employees or prospective employees as follows:

> Except as provided in subparagraph (B) [in cases of a consumer applying for a position over which the Secretary of Transportation may establish qualifications], a *person* may not procure a *consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless* –
>
> a. a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and
>
> b. the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

45. The purpose of the disclosure is to alert the applicant that a consumer report may be obtained as part of the application process, and to provide the opportunity to the

applicant to either sign and authorize the acquisition of the report or not.

46. Section 1681b(b)(3)(A) of the FCRA regulates the conduct of any person who uses a "consumer report" to take an adverse action against any employees or prospective employees as follows:

> Except as provided in subparagraph (B) [in cases of a consumer applying for a position over which the Secretary of Transportation may establish qualifications], in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates –
>
> (i) a copy of the report; and
>
> (ii) a description in writing of the rights of the consumer under this subchapter, as prescribed by the Federal Trade Commission under section 1681g(c)(3) of this title.

47. The purpose of §1681b(b)(3)(A) is to provide a prospective or current employee a sufficient amount of time to review the consumer report, correct any inaccuracies, to notify the prospective employer of these inaccuracies before an adverse action is taken and generally to discuss the report with the prospective employer.

## **DEFENDANTS ACTED WILFULLY**

48. Defendants knew or should have known about their legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission.

49. Defendants obtained or had available substantial written materials which apprised them of their duties under the FCRA.

50. The disclosure which precedes a written authorization for a prospective employer to obtain a consumer report must be presented in a clear, self-contained, stand-alone form. *EEOC*

*v. Video Only, Inc.*, 2008 WL 2433841 (D.Or.), *Reardon v. ClosetMaid Corporation*, 2007 U.S. Dist. LEXIS 45373.

51. The preadverse action notice must be mailed to the applicant/employee a reasonable time before the adverse action is taken. *See* Letter from Clark W. Brinckerhoff to Eric J. Weisberg (June 27, 1997), FTC Informal Staff Letter ("Brinckerhoff Letter II") (noting that taking action a period of five business days after notice "appears reasonable."); *Williams v. Telespectrum, Inc.*, Civil Action No. 3:05cv853 (E.D.Va. 2006). Report and Recommendation of Magistrate Judge Hannah Lauck dated November 7, 2006 adopted by Judge R. Payne January 8, 2005; (holding that a user of a consumer report must provide to the consumer a copy of the report and disclosure of rights a sufficient amount of time before it takes adverse action so that the consumer can rectify any inaccuracies in the report, and simultaneous provision of the report does not satisfy this requirement). *Kelchner v. Sycamore Manor Health Center*, 305 F.Supp.2d 429, 435 (M.D.Pa. 2004); etc. (holding a reasonable period for the employee to respond to disputed information is not required to exceed five business days following the consumers receipt of the consumer's report from the employer); *Beverly v. Wal-Mart Stores, Inc.* Civil Action No. 3:07cv469 (E.D.Va. 2009) (Consent Order providing Choice Point mailing of Adverse Action Notices on behalf of its customers shall occur no earlier than five business days after the mailing of the Preadverse Action Notices).

52. Senior United States District Judge Robert E. Payne of this very Court ruled on June 1, 2007 that the FCRA requirement to provide a copy of a consumer report before discharge means what it says.

53. Judge Payne opined that the requirement is to allow consumers to discuss reports

with employers or otherwise respond before adverse action is taken.

54. Despite knowing of these legal obligations, Defendants acted consciously in breaching their known duties and depriving Plaintiff and other members of the class of their rights under the FCRA.

55. As a result of these FCRA violations, Defendants are liable to Plaintiff and to each FCRA Class Member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2) for the violations alleged herein, and for attorney's fees and costs pursuant to §1681n and §1681o.

56. Plaintiff and FCRA Class Members are entitled to equitable relief against Defendants requiring their compliance with the FCRA in all future instances, and enjoining their future violations of the FCRA.

## CLASS ACTION ALLEGATIONS

57. Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this action on behalf of the "FCRA § 1681b(b)(2) Class" initially defined below:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States), who applied for an employment position with Defendants or any of its subsidiaries, and as part of this application process were the subject of a consumer report obtained by Defendants, (a.) where the Defendants failed to provide a written disclosure as stated at 15 U.S.C. § 1681b(b)(2)(A)(i) to the applicant that they intended to obtain a consumer report for employment purposes, (b.) and where as a result the Defendants failed to obtain a proper written authorization as stated at 15 U.S.C. § 1681b(b)(2)(A)(ii) signed by the applicant prior to obtaining the consumer report.

58. Plaintiff also alleges the following "FCRA § 1681b(b)(3) Sub-class", of which he is also a member:

> All natural persons residing in the United States (including all territories and other

9

political subdivisions of the United States), who applied for an employment position with Defendants or any of its subsidiaries, and as part of this application process were the subject of a consumer report obtained by Defendants, (a.) where the Defendants failed to provide a written disclosure as stated at 15 U.S.C. § 1681b(b)(2)(A)(i) to the applicant that they intended to obtain a consumer report for employment purposes, (b.) and where as a result the Defendants failed to obtain a proper written authorization as stated at 15 U.S.C. § 1681b(b)(2)(A)(ii) signed by the applicant prior to obtaining the consumer report, and (c.) to whom Defendants did not provide a copy of the consumer report as stated at 15 U.S.C. § 1681b(b)(3)(A)(i) at least five business days before the date the employment decision is first noted in Defendants' records, (d.) and to who Defendants did not provide a written summary of Fair Credit Reporting Act rights as stated at 15 U.S.C. § 1681b(b)(3)(A)(ii) at least five business days before the date the employment decision is first noted in Defendants' records.

59. Numerosity. Fed. R. Civ. P. 23(a)(1). Upon information and belief, the Plaintiff alleges that the Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendants, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

60. Existence and Predominance of Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2). Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

    a. Whether it is Defendants' standard procedure to provide a written disclosure that they may obtain a consumer report for employment purposes regarding applicants for employment.

    b. Whether it is Defendants' standard procedure to provide a concise and clear written disclosure that they may obtain a consumer report for employment purposes regarding applicants for employment.

    c. Whether it is Defendants' standard procedure to provide a written disclosure in a self-contained, stand-alone document that they may obtain a consumer report for employment

purposes regarding applicants for employment.

    d.    Whether it is Defendants' standard procedure to obtain a proper written authorization from employment applicants for Defendants to obtain a consumer report for employment purposes for applicants for employment at Defendants.

    e.    Whether Defendants provided a copy of the consumer report to the applicant or employee at least five business days before declining to hire or discharging the applicant or employee based on the results thereof (§1681b(b)(3)(A)(i));

    f.    Whether Defendants provided a copy of a summary of the applicant or employee's rights under the FCRA before declining to hire or discharging the applicant or employee (§ 1681b(b)(3)(A)(ii));

    g.    Whether Defendants provided a copy of the most current written summary of rights under the FCRA to the applicant or employee;

    h.    Whether Defendants recklessly, knowingly or intentionally acted in conscious disregard of the rights of the consumer;

    61.    Typicality. Fed. R. Civ. P. 23(a)(3)). Plaintiff's claims are typical of the claims of each Class member. Plaintiff would only seek individual or actual damages if class certification is denied. In addition, Plaintiff is entitled to relief under the same causes of action and upon the same facts as the other members of the Class.

    62.    Adequacy. Plaintiff is an adequate representative of the Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. Fed. R. Civ. P. 23(a(4). Plaintiff and his Counsel will fairly and adequately protect the interests of members of the Class.

    63.    Superiority. Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. Fed. R. Civ. P.

23(b)(3). The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendants' conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

## COUNT ONE: VIOLATION OF THE FCRA §1681b(b)(2)(A)(i)

64. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

65. Defendants willfully violated the FCRA, 15 U.S.C. §1681b(b)(2)(A)(i), because they failed to provide a clear and conspicuous written disclosure in a document that consists solely of the disclosure to applicants and employees that a consumer report may be obtained for employment purposes.

66. Plaintiff seeks statutory damages for himself and all others similarly situated for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

67. Plaintiff seeks punitive damages and equitable relief for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

68. In the alternative to the Plaintiff's allegations that these violations were willful, he alleges that the violations were negligent and seeks issue certification of that issue and appropriate remedy, if any, under 15 U.S.C. §1681o.

### COUNT TWO: VIOLATION OF THE FCRA §1681b(b)(2)(A)(ii)

69. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

70. Defendants willfully violated the FCRA, 15 U.S.C. §1681b(b)(2)(A)(ii), because they failed to obtain a valid authorization in writing to procure a consumer report for employment purposes from Plaintiff and those similarly situated applicants and employees.

71. Plaintiff seeks statutory damages for himself and all others similarly situated for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

72. Plaintiff seeks punitive damages and equitable relief for this violation pursuant to .S.C. § 1681n(a)(2).

73. In the alternative to the Plaintiff's allegations that these violations were willful, he alleges that the violations were negligent and seeks issue certification of that issue and appropriate remedy, if any, under 15 U.S.C. §1681o.

### COUNT THREE: VIOLATION OF THE FCRA § 1681b(b)(3)(A)(i)

74. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

75. Defendants willfully violated the FCRA, 15 U.S.C. §1681b(b)(3)(A)(i), as to the Class, because they failed to provide a copy of the consumer report used to make an employment decision to Plaintiff and all other similarly situated applicants and employees before taking an

adverse action that was based in whole or in part on that report.

76. Plaintiff seeks statutory damages for himself and all others similarly situated for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

77. Plaintiff seeks punitive damages and equitable relief for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

78. In the alternative to the Plaintiff's allegations that these violations were willful, he alleges that the violations were negligent and seeks issue certification of that issue and appropriate remedy, if any, under 15 U.S.C. §1681o.

### COUNT FOUR: VIOLATION OF THE FCRA § 1681b(b)(3)(A)(ii)

79. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

80. Defendants willfully violated the FCRA, 15 U.S.C. §1681b(b)(3)(A)(ii), as to the Class, because they failed to provide Plaintiff and all other similarly situated applicants and employees the summary of rights required by this section of the FCRA before taking an adverse action that was based in whole or in part on a consumer report.

81. Plaintiff seeks statutory damages for himself and all others similarly situated for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

82. Plaintiff seeks punitive damages and equitable relief for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

83. In the alternative to the Plaintiff's allegations that these violations were willful, he alleges that the violations were negligent and seeks issue certification of that issue and appropriate remedy, if any, under 15 U.S.C. §1681o.

WHEREFORE, Plaintiff and the Class Members pray for relief as follows:

1. an order certifying the proposed FCRA class herein under Federal Rule 23 and appointing Plaintiff and his undersigned counsel of record to represent same;

2. the creation of a common fund available to provide notice of and remedy Defendants' FCRA violations;

3. statutory and punitive damages;

4. injunctive relief as pled;

5. attorney's fees, expenses and costs;

6. pre-judgment and post-judgment interest as provided by law; and

7. such other relief the Court does deem just, equitable and proper.

TRIAL BY JURY IS DEMANDED.

KELVIN M. THOMAS,
For himself and on behalf of all
similarly situated individuals.

Date: 12/5/13          By: _Christopher Colt North_
                            Of Counsel

Christopher Colt North
VSB #16955
Attorney for Plaintiff
The Consumer & Employee Rights Law Firm, P.C.
751-A Thimble Shoals Boulevard
Newport News, Virginia 23606
Phone: (757) 873-1010
Fax: (757) 873-8375
Email: cnorthlaw@aol.com