**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| KELVIN M. THOMAS, et al.<br><br>             Plaintiff,<br><br>     v.<br><br>FTS USA, LLC, et al.<br><br>             Defendants. | Case No.: 3:13-cv-00825 |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO AMEND AND CERTIFY THIS COURT'S FEBRUARY 24, 2015 ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO SECTION 1292(B)**

**FOX ROTHSCHILD LLP**

Colin D. Dougherty (*admitted pro hac vice*)
Zachary Arbitman (*admitted pro hac vice*)
10 Sentry Parkway, Suite 200, P.O. Box 3001
Blue Bell, PA 19422
Telephone: (610) 397-6500
Facsimile: (610) 397-0450
cdougherty@foxrothschild.com
zarbitman@foxrothschild.com


Jessica V. Haire
1030 15th St., NW, Suite 380
Washington, DC 20005
Telephone: (202) 461-3100
Facsimile: (202) 461-3102
jhaire@foxrothschild.com

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. BACKGROUND ................................................................................................................. 1

III. STANDARD OF REVIEW ................................................................................................. 3

IV. ARGUMENT ....................................................................................................................... 4

    A. This Court's Order Denying Summary Judgment Involves Multiple Controlling Questions Of Law ............................................................................. 4

    B. There Are Substantial Grounds For Difference Of Opinion Regarding This Court's Order Denying Summary Judgment ........................................................ 6

    C. An Immediate Appeal Will Materially Advance The Ultimate Termination Of The Litigation. .................................................................................................. 7

V. CONCLUSION .................................................................................................................... 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Boyd v. CEVA Freight, LLC*,
   No. 13-150, 2013 WL 6207418 (E.D. Va. Nov. 27, 2013) (Gibney, J.) ............................... 5, 7

*Dreher v. Experian Info. Solutions, Inc.*,
   No. 11-624, 2013 WL 2389878 (E.D. Va. May 30, 2013) (Gibney, J.) ................................ 5, 7

*Fannin v. CSX Transp., Inc.*,
   873 F.2d 1438 (4th Cir. 1989) (unpublished opinion) ..................................................... 3, 4, 7

*Fuges v. Sw. Fin. Servs., Ltd.*,
   707 F.3d 241 (3d Cir. 2012) ................................................................................................ 5, 7

*James v. Servicesource, Inc.*,
   No. 07-317, 2007 WL 4190794 (E.D. Va. Nov. 21, 2007) (Payne, J.) ..................................... 3

*LaFleur v. Dollar Tree Stores, Inc.*,
   No. 12-363, 2014 WL 2121721 (E.D. Va. May 20, 2014) (Jackson, J.) .................................. 4

*Martin v. First Advantage Background Servs. Corp.*,
   877 F. Supp. 2d 754 (D. Minn. 2012) .............................................................................. 4, 6, 7

*McDaniel v. Mehfoud*,
   708 F. Supp. 754 (E.D. Va. 1989) (Merhige, J.) ...................................................................... 6

*Myles v. Laffitte*,
   881 F.2d 125 (4th Cir. 1989) .................................................................................................... 3

*Reardon v. ClosetMaid Corp.*,
   No. 08-1730, 2013 WL 6231606 (W.D. Pa. Dec. 2, 2013) ................................................. 6, 7

**Statutes**

28 U.S.C. § 1292(b) ............................................................................................................. *passim*

Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ........................................................ *passim*

**Other Authorities**

Fed. R. App. P. 5 ........................................................................................................................... 3

Defendants FTS USA, LLC ("FTS") and UniTek Global Services, Inc. ("UGS") (collectively, "Defendants"), by and through their undersigned counsel, submit this memorandum of law in support of their Motion to Amend and Certify this Court's February 24, 2015 Order for Interlocutory Appeal Pursuant to Section 1292(b).

## I. INTRODUCTION

This Court's February 24, 2015 Order is contrary to other District Court decisions from this Circuit, as well as appellate and district court opinions from outside this Circuit, regarding the proper statutory interpretation of multiple provisions of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"). As a result, this Court's denial of Defendants' Motion for Summary Judgment raises multiple controlling questions of law as to which there is fertile ground for difference of opinion and for which an immediate appeal will advance the ultimate resolution of this matter. Accordingly, Defendants herein request that this Court amend its Order and certify it for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Defendants request this Court certify the following questions of law:

1. Whether a background check procured by a prospective employer investigating job applicants based upon a preexisting, written company policy satisfies the Section 1681a(y)(1)(B)(ii) exemption to FCRA?

2. Whether a finding of willfulness under FCRA Section 1681n presents a question of law?

3. Whether FCRA Section 1681b(b)(2)'s "clear and conspicuous" standard for disclosure and authorization forms requires the usage of certain precise and explicit language?

## II. BACKGROUND

Plaintiff Kelvin Thomas ("Plaintiff") alleges individual and class claims for purported violations of the FCRA based upon FTS's procurement of Plaintiff's background check in connection with a job application. *See generally* Doc. No. 1. Thomas applied to be a cable

installation technician for FTS, which requires entering personal residences and driving company vehicles. On April 1, 2014, Defendants moved to dismiss Plaintiff's Complaint for failure to state a claim on multiple grounds, including, *inter alia*, that the background check procured by FTS on Thomas did not constitute a consumer report under the FCRA. *See* Docs. No. 11-12. The Court denied Defendants' Motion, stating that "the Complaint adequately pleads that the report is a consumer report and adequately pleads claims for statutory and punitive damages and for the so-called disclosure and authorization claims brought pursuant to 15 U.S.C. § 1681b(b)(2) . . ." Doc. No. 22 at p. 1.

Following this ruling, the parties initiated the discovery process. Shortly thereafter, the parties stipulated to an agreed-upon statement of undisputed facts to present clear legal issues for this Court to decide on summary judgment, including, *inter alia*, whether the background check at issue was exempt from the FCRA. Defendants filed a Motion for Summary Judgment and included the parties' agreed-upon statement of undisputed facts in their Memorandum of Law in Support of their Motion for Summary Judgment. *See* Doc. No. 38 at p. 6-10. Plaintiffs filed a Response in Opposition to Defendants' Motion, *see* Doc. No. 43, and Defendants filed a Reply thereto, *see* Doc. No. 45.

On February 24, 2015, the Court denied Defendants' Motion for Summary Judgment for the following reasons:

> . . . because the facts permit a finding that the background check procured by the defendants constitutes a consumer report within the meaning of the Fair Credit Reporting Act; because the question of willfulness is a matter of fact as to which there is a genuine dispute of material facts; and because the form provided to the plaintiff before procuring his background check does not satisfy the disclosure and authorization requirements set forth in 15 U.S.C. § 1681b(b)(2).

Doc. No. 59 at p. 1. Defendants herein move for this Court to amend its February 24, 2015 Order denying summary judgment to certify that Order for interlocutory review by the United States Court of Appeals for the Fourth Circuit.

## III.    STANDARD OF REVIEW

Section 1292(b) authorizes this Court to certify a non-final order for immediate interlocutory appeal to the United States Court of Appeals for the Fourth Circuit if the order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see James v. Servicesource, Inc.*, No. 07-317, 2007 WL 4190794, at *2 (E.D. Va. Nov. 21, 2007) (Payne, J.).

Each of the foregoing requirements must be satisfied for this Court to certify an order for interlocutory review. *See Fannin v. CSX Transp., Inc.*, 873 F.2d 1438, at *2 (4th Cir. 1989) (unpublished opinion). Although this mechanism is considered an "extraordinary remedy" for use in "exceptional situations," and the Fourth Circuit has cautioned that Section 1292(b) "should be used sparingly" and its requirements are to be "strictly construed," it is nonetheless properly invoked where early appellate review would obviate "'protracted and expensive litigation.'" *See Fannin*, 873 F.2d 1438, at *2 (citations omitted); *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989). As demonstrated below, each of the requirements for certification of immediate appeal under Section 1292(b) is satisfied here.[1]

---

[1]    Upon granting Defendants' motion to amend and certifying the February 24, 2015 Order for immediate appeal, the Court of Appeals subsequently exercises its own discretion about whether to permit an appeal. *See* 28 U.S.C. § 1292(b); Fed. R. App. P. 5; *see also Fannin*, 873 F.2d 1438, at *2.

3

## IV. ARGUMENT

### A. This Court's Order Denying Summary Judgment Involves Multiple Controlling Questions Of Law.

"'The term question of law in [S]ection 1292(b) refers to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine.'" *LaFleur v. Dollar Tree Stores, Inc.*, No. 12-363, 2014 WL 2121721, at *2 (E.D. Va. May 20, 2014) (citations omitted) (Jackson, J.) Whether or not a particular question of law is "controlling" turns on whether its "resolution will be completely dispositive of the litigation." *See Fannin*, 873 F.2d 1438, at *5. This Court's interpretation of statutory and common law doctrine in its February 24, 2015 Order denying Defendants' Motion for Summary Judgment involves multiple and significant controlling questions of law, all of which are ripe for interlocutory review by the Fourth Circuit:

1. This Court denied summary judgment as to each of Plaintiff's FCRA claims, even though Defendants procured their background check on Plaintiff in connection with investigating compliance with a preexisting, written company policy – plainly consistent with the exemption to FCRA obligations set forth in Section 1681a(y)(1)(B)(ii). *See* Doc. No. 59 at p. 1. In so ruling, the Court departed from the plain text of Section 1681a(y)(1)(B)(ii) and directly contradicted at least one District Court to address this precise issue. *See Martin v. First Advantage Background Servs. Corp.*, 877 F. Supp. 2d 754, 757-60 (D. Minn. 2012) (reasoning that background checks received and used in connection with investigations into preexisting, written company policy do not constitute "consumer reports"). A plain reading of this FCRA provision takes Plaintiff's background check outside the definition of "consumer report" and, as such, outside the reach of the FCRA. Thus, the meaning of Section 1681a(y)(1)(B)(ii)

4

constitutes an issue of pure statutory interpretation, and thus, a question of controlling law ripe for the Fourth Circuit's review.

2. Further, this Court also denied summary judgment on Plaintiff's requests for statutory and punitive damages on the basis that obtaining such damages under the FCRA "is a matter of fact to which there is a genuine dispute." *See* Doc. No. 59 at p. 1. But this conclusion contradicts decisions by other courts in this District, as well as the Third Circuit, holding that the statutory prerequisite to securing statutory and punitive damages—a defendant's willfulness under Section 1681n—"presents a question of law," not fact. *See Boyd v. CEVA Freight, LLC*, No. 13-150, 2013 WL 6207418, at *5, 5 n. 2 (E.D. Va. Nov. 27, 2013) ("The Court considers whether the defendant's interpretation of the statute was objectively unreasonable; discovery into the defendant's subjective intentions, or whether the defendant actually applied the asserted interpretation, is irrelevant.") (Gibney, J.); *Dreher v. Experian Info. Solutions, Inc.*, No. 11-624, 2013 WL 2389878, at *4 (E.D. Va. May 30, 2013) (finding that "[a]rguments about a defendant's subjective bad faith have no place in the willfulness analysis.") (Gibney, J.); *see also Fuges v. Sw. Fin. Servs., Ltd.*, 707 F.3d 241, 250-51 (3d Cir. 2012) (holding that evidence of defendants' intent or subjective bad faith is irrelevant to willfulness analysis, as finding of willfulness hinges wholly on whether defendants' interpretation of statute is objectively reasonable). As these decisions demonstrate, the issue of willfulness under Section 1681n is a matter of law, rather than one of fact, as this Court's Order suggests. A Fourth Circuit ruling on this issue is also controlling of this matter for a finding that Defendants' statutory interpretation is not objectively unreasonable (a legal conclusion) eliminates Plaintiff's claims for statutory and punitive relief. This conclusion also terminates the matter entirely because Plaintiff does not seek actual damages under the FCRA.

3. Lastly, this Court denied summary judgment as to Counts I and II of the Complaint – Plaintiff's disclosure/authorization claims – because "the form provided to the plaintiff before producing his background check does not satisfy the disclosure and authorization requirements set forth in 15 U.S.C. § 1681b(b)(2)." *See* Doc. No. 59 at p. 1. This holding, however, ignores Section 1681b(b)(2)'s plain text and, furthermore, conflicts with other District Courts' findings that no specific language need be used in satisfying the FCRA's disclosure/authorization requirements. *See, e.g.*, *Reardon v. ClosetMaid Corp.*, No. 08-1730, 2013 WL 6231606, at *6 (W.D. Pa. Dec. 2, 2013) ("Although the language of the Notice Form may have been manfully worded, the disclosure is in a reasonably understandable form, the amount of text on the page is minimal, and the disclosure appears in the opening sentence of the document such that it is readily noticeable to the consumer."). Providing guidance on 1681b(b)(2)'s "clear and conspicuous" standard requires only that the Fourth Circuit review the provision's text. A Fourth Circuit ruling construing this particular FCRA provision's "clear and conspicuous" standard will prove controlling of Counts I and II of Plaintiff's Complaint.

### B. There Are Substantial Grounds For Difference Of Opinion Regarding This Court's Order Denying Summary Judgment.

There are also substantial grounds for difference of opinion regarding the February 24, 2015 Order denying Defendants' Motion for Summary Judgment. An issue provides for "substantial ground for difference of opinion" if different courts, not just the parties at bar, disagree on controlling questions of law. *See McDaniel v. Mehfoud*, 708 F. Supp. 754, 756 (E.D. Va. 1989) (Merhige, J.).

The fact that this Court and other District Courts have reached varying and disjointed results on these controlling questions of law demonstrates that there are substantial grounds for difference of opinion regarding the issues addressed by this Court's February 24, 2015 Order.

This Court ignored the *Martin* Court's interpretation of Section 1681a(y)(1)(B)(ii) – which comports with the provision's plain text – in allowing Plaintiff's FCRA claims to proceed, despite Defendants' procurement of the background check at issue in connection with investigating compliance with preexisting, written company policy. *See Martin*, 877 F. Supp. 2d 754 at 757-60. Likewise, this Court's holding that "the question of willfulness is a matter of fact" deviates from Judge Gibney's finding that it "presents a question of law" and, furthermore, cuts against Third Circuit precedent holding the same. *See Boyd*, 2013 WL 6207418, at *5, *5 n. 2; *Dreher*, 2013 WL 2389878, at *4; *see also Fuges*, 707 F.3d at 250-51. And, finally, this Court's ruling that Defendants' disclosure/authorization form failed to satisfy the "clear and conspicuous" standard set forth in Section 1681b(b)(2) proves contrary to the plain text of that section and the *Reardon* Court's finding that a disclosure may be both "manfully worded" and still "clear and conspicuous." *See Reardon*, 2013 WL 6231606, at *6.

### C. An Immediate Appeal Will Materially Advance The Ultimate Termination Of The Litigation.

Finally, an immediate appeal of the February 24, 2015 Order denying Defendants' Motion for Summary Judgment will materially advance the ultimate termination of this litigation. Certifying an order for immediate appeal is appropriate where, as stated above, "'doing so would avoid protracted and expensive litigation.'" *See Fannin*, 873 F.2d 1438, at *2 (citations omitted). "Certainly the kind of question best adapted to discretionary interlocutory review is a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes." *Id.* at *5.

In the case at bar, an interlocutory appeal will advance the ultimate termination of this litigation. If the Fourth Circuit grants review and reverses this Court's findings as to the Section 1681a(y)(1)(B)(ii) exemption and Plaintiff's willfulness allegations, this case will be terminated

7

as a legal matter. And a different outcome on the disclosure/authorization issues raised in Defendants' Motion for Summary Judgment would eliminate two of Plaintiff's four claims, and thus, have a major impact on the scope and length of any trial in this litigation. That, in turn, could have significant consequences on the likelihood that the parties could negotiate a resolution of this matter without the need for trial.

Waiting to test the substance of Plaintiff's claims until post-trial appeal – which would come only after significant discovery, substantial briefing on class certification, and a lengthy trial – could eventually render years of later-mooted litigation meaningless. Given the scope and complexity of trial if this case proceeds as a class action, ensuring that the relevant issues regarding the claims of Plaintiff and the putative class are thoroughly and finally resolved from the outset would advance the ultimate termination of this matter.

## V.  CONCLUSION

For all the foregoing reasons, this Court should grant Defendants' Motion to Amend and Certify This Court's February 24, 2015 Order for Interlocutory Appeal Pursuant to Section 1292(b).

Dated: March 6, 2015

Respectfully submitted:

    /s/
Jessica Perro, Esq.
Virginia bar number 82513
Attorney for Defendants FTS, USA, LLC
and UniTek Global Services, Inc.
Fox Rothschild LLP
1030 15th Street, NW
Suite 380 East
Washington, DC 20005
Tel: (202) 461-3100
Fax: (202) 461-3102
jperro@foxrothschild.com