**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

KELVIN M. THOMAS, et al.

                Plaintiff,

      v.

FTS USA, LLC, et al.

               Defendants.

Case No.: 3:13-cv-00825

---

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

---

## TABLE OF CONTENTS

**Page**

I.      INTRODUCTION.................................................................................................. 3

II.     PLAINTIFFS' ALLEGATIONS ......................................................................... 4

III.    PLAINTIFFS' RELATED LAWSUIT .............................................................. 5

IV.     PLAINTIFFS' SETTLEMENT WITH BGC ..................................................... 6

V.      ARGUMENT ...................................................................................................... 9

        A.      Standard of Review Under Federal Rule of Civil Procedure
                12(b)(1). .............................................................................................. 9

        B.      Plaintiffs Lack Standing Because Their Injuries Cannot Be
                Redressed by a Favorable Judicial Decision. ..................................... 12

CONCLUSION ................................................................................................................ 14

# **TABLE OF AUTHORITIES**

**Cases**

*Adams v. Bain*, 697 F.2d 1213 (4th Cir.1982) ........................................................................ 8, 9

*Alexander v. Chesapeake, Potomac, and Tidewater Books, Inc.*, 60 F.Supp.2d 544 (E.D.Va.
  1999) ............................................................................................................................. 11

*American Intern. Specialty Lines Ins. Co. v. A.T. Massey Coal Co., Inc.*, 628 F. Supp. 2d 674
  (E.D.Va. 2009). .............................................................................................................. 10

*Benham v. City of Charlotte, N.C.*, 635 F.3d 129 (4th Cir. 2011). ............................................. 10

*Int'l Longshoremen's Ass'n v. Va. Int'l Terminals, Inc.*, 914 F.Supp. 1335 (E.D.Va.1996) ....... 8, 9

*Lucas v. Henrico County School Bd.*, 822 F. Supp. 2d 589 (E.D.Va. 2011) ............................. 8, 9

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). .............. 9

*Michigan Mut. Ins. Co. v. Smoot*, 149 F.Supp.2d 229 (E.D.Va. 2001) ...................................... 11

*Raines v. Byrd*, 521 U.S. 811, 117 S.Ct. 2312, 138 L.Ed.2d 849 (1997)....................................... 9

*Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999) ....... 10

*See United States v. Hartwell*, 448 F.3d 707 (4th Cir. 2006) ....................................................... 9

*Taubman Realty Group Ltd. Partnership v. Mineta*, 198 F.Supp.2d 744 (E.D.Va. 2002) ............ 8

*United States v. Cotton*, 535 U.S. 625, 122 S.Ct. 1781 (2002)....................................................... 9

**Rules**

Fed.R.Civ.P. 12(b)(1)...................................................................................................................... 8

Defendants FTS USA, LLC ("FTS") and UniTek Global Services, Inc. ("UniTek") (together, "Defendants"), by and through their undersigned counsel, respectfully submit this memorandum of law in support of their Motion to Dismiss Plaintiff's Complaint.

## I.    **INTRODUCTION**

With this Complaint, named plaintiff, Kelvin M. Thomas ("Plaintiff Thomas") seeks to recover – for a second time – based upon claims which he previously settled and for which he previously (and expressly) released.  Under applicable law and general principles of fairness, a plaintiff – such as Plaintiff Thomas here – may not obtain a second recovery for claims which the plaintiff previously released or settled.  What makes this Complaint even more egregious is that Plaintiff Thomas is represented by the same lawyers who settled the first case (and who now seek a second recovery based upon the exact same facts).  Accordingly, for the reasons expressed throughout, this Complaint fails as a matter of law and should be dismissed for failure to state a claim, for res judicata, for lack of jurisdiction, and/or for lack of standing.

Plaintiff Thomas filed a Complaint on December 11, 2013, asserting individual and class claims under the Fair Credit Reporting Act, 16 U.S.C. §§ 1681, *et seq.* ("FCRA").  However, as a result of a recent $18 million settlement providing Plaintiffs (including Plaintiff Thomas) with "full satisfaction" of all FCRA claims, known and unknown (including those at issue here), Plaintiff lacks a redressable injury.  Without any redressable injury, Plaintiff cannot meet his burden of establishing the standing required to confer subject matter jurisdiction on the Court.  As such, the Complaint must be dismissed under Fed.R.Civ. P. 12(b)(1) for a lack of jurisdiction or pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## II.    <u>PLAINTIFFS' ALLEGATIONS</u>

In support of the individual and class claims against Defendants, Plaintiff Thomas alleges that he applied for a job with Cableview Communications ("Cableview") in September 2009. D.E. 1, Pl.'s Compl., at ¶ 27.  Plaintiff Thomas represents that, Defendant FTS, a subsidiary of Defendant UniTek, acquired Cableview in the "fall of 2011." *Id.* at ¶ 30.  According to the allegations in the Complaint, FTS and Cableview ordered a background check on Plaintiff Thomas from Backgroundchecks.com ("BGC") on September 30, 2011.  *Id.* at ¶¶ 21, 31. Plaintiff Thomas alleges that Defendants ordered this background check, which Plaintiff Thomas characterizes as a "consumer report," without providing Plaintiff Thomas with a written disclosure meeting the requirements of the FCRA or obtaining a written authorization from Plaintiff Thomas meeting the requirements of the FCRA.  *Id.* at ¶¶ 37-38.  Plaintiff Thomas further alleges that Defendants took action based upon this background check without providing Plaintiff Thomas with a copy of the report, a pre-adverse action notice, or a written description of his rights.  *Id.*  at ¶¶ 39-40.  According to Plaintiff Thomas, the background check contained numerous errors and inaccuracies unfavorable to Plaintiff Thomas.  *Id.* at ¶ 32.

Based on these allegations and Plaintiff Thomas's characterization of the background check as a "consumer report," Plaintiff Thomas pleads that Defendants FTS and UniTek violated the FCRA by: (a) failing to provide "clear and conspicuous written disclosure that consists solely of  the disclosure to applicants and employees that a consumer report may be obtained for employment purposes;" (b) failing to "obtain a valid authorization in writing to procure a consumer report for employment purposes;" (c) failing to "provide a copy of the consumer report used to make an employment decision . . . before taking an adverse action that was based in whole or in part on that report;" and (d) failing to provide "the summary of rights required by this

section [*i.e.*, Section 1681b(b)(3)(A)(ii)] of the FCRA before taking an adverse action that was based in whole or in part on a consumer report." *Id.* at ¶¶ 65, 70, 75, 80.  Plaintiff Thomas generically alleges, based upon his "information and belief" about "the standard hiring practice of Defendants" that common questions of law and fact apply to other members of the proposed class. *Id.* at ¶ 43.

Although Plaintiffs allege that BGC prepared and furnished the erroneous background report to Defendants, BGC is not a defendant in the action. *Id.* at ¶¶ 21, 31.  Described below is why BGC is not a party to this action.

## III.    PLAINTIFFS' RELATED LAWSUIT

On or about January 11, 2013, Plaintiff Thomas (again, as noted above, represented by the same legal counsel as here, The Consumer & Employee Rights Law Firm, P.C.) – on behalf of himself and a class of "similarly situated individuals" – filed a FCRA complaint against BGC (in its own name and trading as e-backgroundchecks.com). *See Kelvin Thomas, et al. v. Backgroundchecks.com*, Civil Action No. 3:13-cv-029 (E.D.Va.), D.E. 1, Pls.' Compl.  Plaintiffs subsequently filed three amended complaints against BGC in that action. *See Kelvin Thomas, et al. v. Backgroundchecks.com*, Civil Action No. 3:13-cv-029 (E.D.Va.), D.E. 24, Pls.' Am. Compl.; D.E. 35, Pls.' Second Am. Compl.; D.E. 75, Pls.' Third Am. Compl.

Notably, Plaintiffs' Third Amended Complaint against BGC alleged various FCRA violations by BGC as a result of that entity preparing and furnishing the allegedly erroneous report to FTS on September 30, 2011.  Plaintiffs' based their allegations on the same facts and circumstances alleged in the current action.  Specifically Plaintiff Thomas – on behalf of himself and the proposed class – alleged that: Cableview sold its operations to FTS in the "fall of 2011;" FTS ordered Plaintiff Thomas's background check from BGC on September 30, 2011; the

background check from BGC contained errors and inaccuracies; and "based on the results of the

background report," FTS declined to hire Plaintiff Thomas.[1]  *Kelvin Thomas, et al. v.*

*Backgroundchecks.com*, Civil Action No. 3:13-cv-029 (E.D.Va.), D.E. 75, Pls.' Third Am.

Compl. at ¶¶ 22-25.

## IV.   PLAINTIFFS' SETTLEMENT WITH BGC

On or about April 16, 2015, it came to Defendants' counsel's attention that the named

Plaintiff, Plaintiff Thomas, and other members of the proposed class, reached a settlement with

BGC.  *See* executed settlement attached as "Exhibit 1."  The amount of settlement is $18 million.

*See* Ex. 1.

The settlement reached between Plaintiffs and BGC (the "Settlement") contains the

following broad release language:

> Upon the Effective Date, the Releasing Parties acknowledge the ***full satisfaction
> of the Released Claims***, and fully, finally, and forever settle, release, and
> discharge the Released Parties from the Released Claims.  This Settlement
> Agreement does not satisfy, settle, release, or discharge General Information
> Services, Inc. for any liability that arises from information it sold directly to third
> parties (including resellers other than BGC), which may include information it
> purchased from BGC.  Upon the Effective Date, this Settlement Agreement will
> bind every Settlement Class Member, even if the Settlement Class Member never
> received actual notice of the Settlement Agreement before the Final Fairness
> Hearing and even if the Settlement Class Member never receives payment under
> this Settlement Agreement. Upon the Effective Date, the Court must dismiss the

---

[1]     Plaintiffs' Third Amended Complaint also contradicted certain information plead in this action.
For example, the Third Amended Complaint provided that Plaintiff Thomas "may have authorized" FTS to
acquire a background report (*Kelvin Thomas, et al. v. Backgroundchecks.com*, Civil Action No. 3:13-cv-
029 (E.D.Va.), D.E. 75, Pls.' Third Am. Compl. at ¶ 21), whereas the Complaint filed in this action
provides that "[u]pon information and belief, Plaintiff [Thomas] did not provide Defendants with his
written authorization for them to obtain his consumer report for employment purposes" (D.E. 1, Pls.'
Compl. at ¶ 38).  Additionally, Plaintiffs' Third Amended Complaint represented that "Plaintiff [Thomas]
applied for a job with Cableview. . . in September 2011" (*Kelvin Thomas, et al. v. Backgroundchecks.com*,
Civil Action No. 3:13-cv-029 (E.D.Va.), D.E. 75, Pls.' Third Am. Compl. at ¶ 19), whereas the Complaint
filed in this action alleges that Plaintiff Thomas applied for a job with Cableview in 2009 and was a
current Cableview employee in September 2011 (D.E. 1, Pls.' Compl. at ¶ 29).

Released Claims and the Litigation with prejudice as to Plaintiff and the Settlement Class Members.

*See* Ex. 1 (emphasis added).  The Settlement also broadly defines the "Released Claims" as:

[A]ll Claims arising through the date of the order granting preliminary approval:

> (1)   arising or that could have been brought under the FCRA or any FCRA State Equivalent of the FCRA (whether related to accuracy, completeness, currency, obsolescence, privacy, disclosure, authorization, notification, dispute processing, or other requirement);
>
> (2)   related to, arising from, or in connection with BGC's preparing or furnishing of a consumer report or other information regarding a Plaintiff or a Settlement Class Member; or
>
> (3)   related to, arising from, or in connection with BGC's re-investigation of a consumer report or other information regarding a Plaintiff or a Settlement Class Member; or
>
> (4)   related to, arising from, or in connection with the file for a Plaintiff or a Settlement Class Member maintained by BGC.

*See* Ex. 1.  The definition of "Released Claims" encompasses "all Claims arising or . . . brought under the FCRA . . . (whether related to accuracy, completeness, currency, obsoleteness, privacy, disclosure, authorization, notification, dispute processing, or other requirement)," ***regardless of the identity of the defendant***.  *See* Ex. 1.  Additionally, the Settlement also defines "Claims" as:

[A]ll demands, controversies, actions, causes of action, suits, proceedings, adjustments, offsets, judgments, exclusions, obligations, promises, agreements, contracts, covenants, debts, accounts, reckonings, bonds, bills, specialties, variances, trespasses, damages, sums of money, expenses, liabilities, losses, interest, court costs, attorneys' fees, and witness fees, regardless of whether:

> (1)   in law, in admiralty, in equity, or otherwise;
>
> (2)   based on any constitution, statute, regulation, rule, industry standard, common-law right, or judicial interpretation;
>
> (3)   based on federal, state, local, or foreign law;
>
> (4)   asserted orally or in writing or otherwise;
>
> (5)   foreseen or unforeseen;

7

(6)     matured or not accrued;

(7)     known or unknown;

(8)     accrued or not accrued;

(9)     for none, one, or more of compensatory damages, actual damages, damages stemming from any willfulness, recklessness, damages for emotional distress, statutory damages, consequential damages, incidental damages, treble damages, multiple damages, punitive damages, or exemplary damages; or

(10)    for none, one, or more of equitable, declaratory, or injunctive relief.

*See* Ex. 1.  Again, therefore, "Claims" are not limited to those matters against BGC, but instead encompass all matters, against all defendants, known or unknown, foreseen or unforeseen, and accrued or not accrued.  The definition of "Claims" also encompasses all requests for punitive damages, injunctive relief, attorneys' fees, court costs, and expenses, instead of just compensatory or statutory damages.

As noted above, Plaintiffs are represented by the same legal counsel in both this action and *Kelvin Thomas, et al. v. Backgroundchecks.com*.  The same lawyers (and same plaintiffs) are inappropriately attempting to recover twice for the exact same conduct and same alleged injuries.

The Complaint against Defendants here, on its face, provides that the Complaint constitutes an action arising and/or "brought under the Federal Fair Credit Report (FCRA)." D.E. 1, Pls.' Compl. at ¶ 1.  As such, it is clear that this action constitutes a "Claim" and a "Released Claim," as defined by the prior Settlement.  As such, it is irrefutable that Plaintiff has acknowledged that the $18 million settlement from BGC constitutes "full satisfaction of the Released Claims," including all claims against Defendants here.

V.      **ARGUMENT**

   A.      **Standard of Review For Dismissal Under Fed.R.Civ.P. 12(b)(1).**

   A motion to dismiss for lack of standing is assessed pursuant to the principles of

Fed.R.Civ.P. 12(b)(1), and as such, constitutes a challenge to subject matter jurisdiction.  *See*

*Taubman Realty Group Ltd. Partnership v. Mineta*, 198 F.Supp.2d 744, 754 (E.D.Va. 2002).   In

a motion to dismiss under Rule 12(b)(1), the burden rests with the Plaintiffs to prove that federal

jurisdiction is proper.  *Lucas v. Henrico County School Bd.*, 822 F. Supp. 2d 589, 599 (E.D.Va.

2011) (citing to *Int'l Longshoremen's Ass'n v. Va. Int'l Terminals, Inc.*, 914 F.Supp. 1335, 1338

(E.D.Va.1996); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982)).

   A Rule 12(b)(1) motion may "challenge the existence of subject matter jurisdiction in

fact, apart from the pleadings."  *Lucas*, 822 F. Supp. 2d at 599 (citing to *Richmond,*

*Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir.1991); *Int'l*

*Longshoremen's Ass'n*, 914 F.Supp. at 1338; *Adams*, 697 F.2d at 1219).  Should the motion

challenge the underlying subject matter jurisdiction in this manner "no presumptive truthfulness

attaches to the plaintiff's allegations, and the existence of disputed material facts will not

preclude the trial court from evaluating for itself the merits of jurisdictional claims."  *Lucas*, 822

F. Supp. 2d at 599 (citing to *Int'l Longshoremen's Ass'n*, 914 F.Supp. at 1338; *Adams*, 697 F.2d

at 1219).

   The doctrine of standing derives from Article III of the Constitution, which requires that

courts limit their jurisdiction to actual cases and controversies.  *Lucas*, 822 F. Supp. 2d at 604.

In determining whether Plaintiffs have standing, the Court looks to whether Plaintiffs are proper

parties to initiate suit.  *Id.* (citing to *Raines v. Byrd*, 521 U.S. 811, 818, 117 S.Ct. 2312, 138

L.Ed.2d 849 (1997)).  To be proper parties under Article III, Plaintiffs must have a "personal

stake" in the litigation.  *Lucas*, 822 F. Supp. 2d at 604 (citing to *Rhodes v. E.I du Pont de Nemours & Co.*, 636 F.3d 88, 99 (4th Cir.2011)).  To establish standing, Plaintiffs must demonstrate: (1) an injury-in-fact that is concrete and particularized; (2) a connection between the injury and Defendants' conduct, and (3) the likelihood (and not just the mere possibility) of the injury being redressed by a favorable judicial decision.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

Objections to subject matter jurisidction and standing can never be waived or forfeited.  *See United States v. Hartwell*, 448 F.3d 707, 715 (4th Cir. 2006) (citing to *United States v. Cotton*, 535 U.S. 625, 630, 122 S.Ct. 1781 (2002)); *see also American Intern. Specialty Lines Ins. Co. v. A.T. Massey Coal Co., Inc.*, 628 F. Supp. 2d 674, 684 (E.D.Va. 2009).   Any action the Court takes while lacking the subject matter jurisdiction confirmed by standing is "ultra vires" and therefore, void.  *Hartwell*, 448 F.3d at715 (citing to *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999)).   Because standing is so critical to the Court's authority, the Court is obligated to *sua sponte* examine standing, even if none of the parties have raised the lack of standing.  *Benham v. City of Charlotte, N.C.*, 635 F.3d 129, 134 (4th Cir. 2011).

B.      Standard of Review for Dismissal Under Fed.R.Civ.P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint[.]" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). The Supreme Court has stated that in order "[t]o survive a motion to dismiss, a [c]omplaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The issue in resolving such a motion is not whether the non-movant will ultimately prevail, but whether the non-movant is entitled to offer evidence to support his or her claims.

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citations omitted). To survive a motion to dismiss, a plaintiff's complaint must demand more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Legal conclusions couched as factual allegations are not sufficient. *Twombly*, 550 U.S. at 555. Hence, a pleading that offers only "formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557. Nor will a complaint that tenders mere "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557.

Moreover, the plaintiff does not have to show a likelihood of success on the merits. Rather, the complaint must merely allege - directly or indirectly - each element of a "viable legal theory." *Twombly*, 550 U.S. at 562-63.

C.      Plaintiff's Cannot Recover Twice for the Same Conduct.

In *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005 (9th Cir. 2012), the 9th Circuit unanimously affirmed the Fed.R.Civ.P. 12(b)(6) dismissal of a putative class action because the claims (like here) were barred by provisions in a settlement agreement.

Prior to filing a second complaint in California, the plaintiff was part of a class action in Massachusetts that settled in 2009.  The settlement included a covenant not to sue and a stipulation that the plaintiffs agreed to release their claims against the defendants and "any other

person seeking to establish liability based, in whole or in part" on the released claims.  Plaintiff

Skilstaf did not opt out of the settlement and affirmatively agreed to be bound by its terms.

Later in 2009, Skilstaf filed a putative class action in the Northern District of California,

filed on behalf of the same class bound by the Massachusetts settlement and seeking damages

based, in large part, on the same facts as in the Massachusetts case – only the named defendants

were different in California.  The district court dismissed the case pursuant to a Fed.R.Civ.P.

12(b0(6) motion, concluding that the Massachusetts settlement was enforceable against Skilstaf

and the 9th Circuit affirmed the dismissal.

In this case, Plaintiff Thomas agreed to accept an $18 million Settlement against BGC as

"full satisfaction" of the very same claims at issue in this Complaint.  The language of the

Settlement's release is exceedingly similar to the release addressed in *Skilstaf.*  As in *Skilstaf,*

Plaintiff brings his complaint against different defendants in a second action.  As in *Skilstaf*, the

release should act as a preclusive bar to bringing the instant case and this Court should dismiss

the complaint pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6).

## D.     Plaintiffs Lack Standing Because Their Injuries Cannot Be Redressed by a Favorable Judicial Decision.

Plaintiffs' Complaint must also be dismissed under Fed.R.Civ.P. 12(b)(1) because there is

no possibility – no less a likelihood – of a favorable judicial decision redressing Plaintiff's

alleged injuries.  As such, Plaintiff cannot meet his burden of proving the jurisdiction before this

Court.

In the Complaint, Plaintiff Thomas – on behalf of himself and the proposed class of

"similarly situated individuals" – alleges that he was harmed by Defendants' supposed violations

of FCRA, which resulted in Defendants declining to offer him an employment position and

causing other, unspecified harms.  All allegations relate to Defendants' supposed errors and omissions in procuring and using a report from BGC.  Specifically, Plaintiff Thomas alleges violations based upon Defendants' supposed failure to: provide him with written disclosure of Defendants' intent to procure a "consumer report" from BGC; obtain his authorization to procure a "consumer report" from BGC; provide him with a copy of BGC's "consumer report;" and/or provide him with a summary of rights in relation to BGC's "consumer report."  *See* D.E. 1, Pls.' Compl. at ¶¶ 65, 70, 75, 80.  These claims are all "arising or . . . brought under the FCRA," and as such, are "Released Claims" covered by Plaintiffs' admission of "full satisfaction."  *See* Ex. 1.  The claims also indisputably "relate[] to, aris[e] from, or in connection with: BGC's preparation and/or furnishing of a "consumer report" or other information; BGC's re-investigation of a "consumer report" or other information; and BGC's files, and as such, fall within Plaintiffs' admission of "full satisfaction."  *See* Ex. 1.

Plaintiffs acknowledge that all "Released Claims" are fully satisfied by the $18 million Settlement and therefore, have been redressed.  As noted in Section IV *supra*, the definitions of "Released Claims" and "Claims" clearly and indisputably encompass "all" FCRA claims and are not limited to claims brought solely against BGC.  As noted in Section IV *supra*, the definition of "Released Claims" and "Claims" also clearly and indisputably encompasses "all" requests for statutory damages, compensatory damages, punitive damages, attorneys' fees, costs, interest, and injunctive relief.  As such, Plaintiffs have admitted that the $18 million Settlement redresses the claims brought against Defendants in this action.  Plaintiffs are not entitled to a double recovery.  *See Michigan Mut. Ins. Co. v. Smoot*, 149 F.Supp.2d 229, 234 (E.D.Va. 2001) (holding that plaintiff may not retain two recoveries, one in contract and one in tort, for the same injury); *see also Alexander v. Chesapeake, Potomac, and Tidewater Books, Inc.*, 60 F.Supp.2d 544, 546

(E.D.Va. 1999) (finding that plaintiff is not entitled to be compensated twice for the same injury).

Because the Court is unable to provide the fully satisfied Plaintiffs with any further relief without providing Plaintiffs with a windfall, Plaintiffs' alleged injuries cannot be redressed. Because Plaintiffs' injuries cannot be redressed in this action, Plaintiffs lack standing and the action must be dismissed under Rule 12(b)(1).

## CONCLUSION

Each of Plaintiffs' four causes of action must be dismissed because Plaintiffs lack standing and in that they have purported to bring claims which have been settled and expressly released.  As such, Plaintiffs' lack of standing deprives this Court of subject matter jurisdiction and the settlement/release language operates as a preclusive bar to a second recovery.

Respectfully submitted:


_____/s/_____
Jessica Haire (Perro), Esq.
Virginia bar number 82513
Attorney for defendants FTS, USA, LLC and
UniTek Global Services, Inc.
Fox Rothschild LLP
1030 15th Street, NW
Suite 380 East
Washington, DC 20005
Tel: (202) 461-3100
Fax: (202) 461-3102
jhaire@foxrothschild.com


Dated:  April 21, 2015

14

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

KELVIN M. THOMAS, et al.

                Plaintiff,

    v.

FTS USA, LLC, et al.

                Defendants.

Case No.: 3:13-cv-00825

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of April, 2015, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Christopher Colt North, Esq.
William L. Downing, Esq.
The Consumer & Employee Rights
Law Firm, P.C.
751-A Thimble Shoals Boulevard
Newport News, VA 23606
cnorthlaw@aol.com
wdowninglaw@aol.com

Leonard A. Bennett, Esq.
Susan M. Rotkis, Esq.
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, VA  23606
lenbennett@clalegal.com
srotkis@clalegal.com

                _____/s/_____
                Jessica Haire (Perro), Esq.
                Virginia bar number 82513
                Attorney for defendants FTS, USA, LLC
                and UniTek Global Services, Inc.
                Fox Rothschild LLP
                1030 15th Street, NW
                Suite 380 East
                Washington, DC 20005
                Tel: (202) 461-3100
                Fax: (202) 461-3102
                jhaire@foxrothschild.com