**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

KELVIN M. THOMAS, et al.

                Plaintiff,

   v.

FTS USA, LLC, et al.

                Defendants.

Case No.: 3:13-cv-00825

**PROPOSED JURY INSTRUCTIONS OF DEFENDANTS, FTS USA, LLC**
**AND UNITEK GLOBAL SERVICES, INC.**

Defendants, FTS USA, LLC and UniTek Global Services, Inc. ("Defendants"), by and through their attorneys, Fox Rothschild LLP, respectfully submit the following proposed jury instructions[1] pursuant to this Court's Order dated April 29, 2016 (Doc. No. 150).

- Nos. 1-12, Before Trial

- No. 13, During Trial

- Nos. 14-36, After Trial

Respectfully submitted:

Dated:  July 1, 2016

          /s/
Jessica V. Haire, Esq.
Virginia bar number 82513
Attorney for defendants FTS, USA, LLC
and UniTek Global Services, Inc.
Fox Rothschild LLP

---

[1]    The parties' motions *in limine*—which may exclude some of the issues raised herein—are currently pending before the Court.  Accordingly, in proposing these instructions, Defendants hereby preserve their objections and reserve the right to supplement these instructions pending clarification from the Court.

1030 15th Street, NW
Suite 380 East
Washington, DC 20005
Tel: (202) 461-3100
Fax: (202) 461-3102
jhaire@foxrothschild.com

/s/_____
Colin D. Dougherty, Esq.
Admitted *Pro Hac Vice*
Christopher Polchin, Esq.
Admitted *Pro Hac Vice*
Attorneys for Defendants FTS, USA, LLC
and UniTek Global Services, Inc.
Fox Rothschild LLP
10 Sentry Parkway, Suite 200
Blue Bell, PA  19422
Tel: (610) 397-6500
Fax: (610) 397-0450
cdougherty@foxrothschild.com
cpolchin@foxrothschild.com

## NO. 1 – OPENING INSTRUCTIONS

We are about to begin the trial of the case you heard about during the jury selection. Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial.

During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you. The party who is suing is called the plaintiff. In this action, the plaintiff is Kelvin Thomas. The *parties* being sued are called the defendants.  In this action, the defendants are UniTek Global Services, LLC, and FTS USA, LLC.

You will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyer" or "attorney." I will sometimes refer to myself as the "Court."

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason. When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When I say "admitted into evidence" or "received in to evidence," I mean that this particular statement or particular exhibit may be considered by you in making the decisions you must make at the end of the case.

By your verdict, you will decide disputed issues of fact. I will decide all questions of law that arise during the trial. Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented. Keep in mind that I will instruct you at the end of the trial about determining the credibility or "believability" of the witnesses. During the trial

you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else. In addition, you should not permit anyone to discuss the case in your presence.

From time-to-time during the trial, I may make rulings on objections or motions made by the lawyers. It is a lawyer's duty to object when the other side offers testimony or other evidence the lawyer believes is not admissible. You should not be biased or partial against a lawyer or the lawyer's client because the lawyer has made objections. If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. I do not favor one side or the other.

The lawyers are not allowed to speak with you during this case. When you see the lawyers at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure. Sometimes, you may be excused from the courtroom during these discussions. I will try to limit these interruptions as much as possible, but you should

remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.[2]

---

[2]     Kevin F. O'Malley, Jay E. Grenig, & Hon. William C. Lee, 3 Fed. Jury Prac. & Instr. § 101:01 (6th ed.).

## NO. 2 – ORDER OF TRIAL

The case will proceed as follows:

First, the lawyers for each side may make opening statements. What is said in the opening statements is not evidence, but is simply an outline or summary to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.

After the opening statements, the plaintiff will present evidence in support of plaintiff's claims and the defendants' lawyer may cross-examine the witnesses. At the conclusion of the plaintiff's case, the defendants may introduce evidence and the plaintiff's lawyer may cross-examine the witnesses. The defendants are not required to introduce any evidence or to call any witnesses. If the defendants introduce evidence, the plaintiff may then present rebuttal evidence.

After the evidence is presented, the parties' lawyers make closing arguments explaining what they believe the evidence has shown. What is said in the closing arguments is not evidence. Finally, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case.[3]

---

[3]     Kevin F. O'Malley, Jay E. Grenig, & Hon. William C. Lee, 3 Fed. Jury Prac. & Instr. § 101:02 (6th ed.).

## NO. 3 – CLAIMS AND DEFENSES

The positions of the parties in this Class Action can be summarized as follows:

Plaintiff, representing the Class, claims that the Defendants committed willful violations of the Fair Credit Reporting Act in the process of obtaining background checks of the Class Members, all of whom are individuals who applied for employment with Defendants.

Plaintiff brings two claims. Claim one relates to the nature of the disclosure form provided to Defendants' applicants. Claim two relates to a smaller subset of the class, whom Plaintiff alleges did not receive certain notices regarding the decision not to hire them based upon information contained their background check.

Defendants deny both claims.[4]

---

[4]     Kevin F. O'Malley, Jay E. Grenig, & Hon. William C. Lee, 3 Fed. Jury Prac. & Instr. § 101:03 (6th ed.).

## NO. 4 – PROVINCE OF JUDGE AND JURY

After all the evidence has been heard and arguments and instructions are finished, you will meet to make your decision. You will determine the facts from all the testimony and other evidence that is presented. You are the sole and exclusive judge of the facts. I must stress that you must accept the rules of law that I give you, whether or not you agree with them.

The law permits me to comment upon the evidence in the case during the trial or while instructing the jury. Such comments are only expressions of my opinion as to the facts. You may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of each of the witnesses.[5]

---

[5]    Kevin F. O'Malley, Jay E. Grenig, & Hon. William C. Lee, 3 Fed. Jury Prac. & Instr. § 101:10 (6th ed.).

## NO. 5 – JURY CONDUCT

To insure fairness, you must obey the following rules:

1.      Do not talk to each other about this case or about anyone involved with this case until the end of the trial when you go to the jury room to decide on your verdict.

2.      Do not talk with anyone else about this case or about anyone involved with this case until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell people you are a juror, but do not tell them anything else about the case.

3.      Outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended. If someone should try to talk to you about the case during the trial, please report it to me immediately.

4.      During the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice.

5.      Do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.

6.      Do not do any research, such as checking dictionaries, or make any investigation about the case on your own.

7.      Do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and the other jurors have discussed all the evidence.

8.      If you need to tell me something, simply give a signed note to the clerk to give to me.[6]

---

[6]      Kevin F. O'Malley, Jay E. Grenig, & Hon. William C. Lee, 3 Fed. Jury Prac. & Instr. § 101:11 (6th ed.).

## NO. 6 – NOTETAKING—PERMITTED

During this trial, I will permit you to take notes. You are not required to take notes. If you do not take notes, you should not be influenced by another juror's notes, but should rely upon your own recollection of the evidence.

Because many courts do not permit notetaking by jurors, a word of caution is in order. You must not allow your notetaking to distract you from the proceedings.

Frequently, there is a tendency to attach too much importance to what a person writes down. Some testimony that is considered unimportant at the time presented and not written down may take on greater importance later in the trial in light of all the evidence presented, the final arguments, and my instructions on the law.

Accordingly, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Your memory should be your greatest asset when it comes time to deciding this case.[7]

---

[7]     Kevin F. O'Malley, Jay E. Grenig, & Hon. William C. Lee, 3 Fed. Jury Prac. & Instr. § 101:15 (6th ed.).

## NO. 7 – EVIDENCE IN THE CASE

The evidence in the case will consist of the following:

1. The sworn testimony of the witnesses, no matter who called a witness.

2. All exhibits received in evidence, regardless of who may have produced the exhibits.

3. All facts that may have been judicially noticed and that you must take as true for purposes of this case.

Depositions may also be received in evidence. Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions. In some cases, a deposition may be played for you on videotape. Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact. A "stipulation" is an agreement between both sides that certain facts are true.  When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the statements of the witness. In other words, you are not limited solely to what you see and hear as the witnesses testified. You may draw from the facts that you find have been proved, such reasonable inferences or conclusions as you feel are justified in light of your experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony. I urge you to pay close attention to the testimony as it is given.[8]

---

[8]      Kevin F. O'Malley, Jay E. Grenig, & Hon. William C. Lee, 3 Fed. Jury Prac. & Instr. § 101:40 (6th ed.).

## NO. 8 – DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence that you may use in reaching your verdict. One type of evidence is called "direct evidence." An example of "direct evidence" is when a witness testifies about something that the witness knows through his own senses — something the witness has seen, felt, touched or heard or did. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

The other type of evidence is circumstantial evidence. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You should consider both kinds of evidence that are presented to you. The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence. [9]

---

[9] Model Civ. Jury Instr. 3rd Cir. 1.6 (2015).

## NO. 9 – BURDEN OF PROOF

When a party has the burden to prove any matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.[10]

---

[10]     Kevin F. O'Malley, Jay E. Grenig, & Hon. William C. Lee, 3 Fed. Jury Prac. & Instr. § 101:41 (6th ed.).

## NO. 10 – CREDIBILITY OF WITNESSES

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.[11]

---

[11]    Kevin F. O'Malley, Jay E. Grenig, & Hon. William C. Lee, 3 Fed. Jury Prac. & Instr. § 101:43 (6th ed.).

## NO. 11 – ALL PERSONS EQUAL BEFORE THE LAW -- ORGANIZATIONS

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A company is entitled to the same fair trial as a private individual. All persons, including companies, and other organizations stand equal before the law, and are to be treated as equals.[12]

---

[12]   Kevin F. O'Malley, Jay E. Grenig, & Hon. William C. Lee, 3 Fed. Jury Prac. & Instr. § 103:12 (6th ed.).

## NO. 12 – STIPULATIONS AT PRETRIAL CONFERENCE

Before the trial of this case, the court held a conference with the lawyers for all the parties. At this conference, the parties entered into certain stipulations or agreements in which they agreed that facts could be taken as true without further proof.

The stipulated facts are as follows:

[*Read admissions.*]

Since the parties have stipulated to these facts and do not dispute them, you are to take these facts as true for purposes of this case.[13]

---

[13]     Kevin F. O'Malley, Jay E. Grenig, & Hon. William C. Lee, 3 Fed. Jury Prac. & Instr. § 101:47 (6th ed.).

## NO. 13 – DEPOSITION AS SUBSTANTIVE EVIDENCE

Testimony will now be presented through a deposition. A deposition contains the sworn, recorded answers to questions asked a witness before the trial. A witness' testimony may sometimes be presented in the form of a deposition if the witness is not present, or if the testimony in court contradicts the witness' deposition testimony. Before this trial, attorneys representing the parties questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers will be read to you today.

You must give this deposition testimony the same consideration as if the witness had been present and had testified from the witness stand in court.[14]

---

[14]     Kevin F. O'Malley, Jay E. Grenig, & Hon. William C. Lee, 3 Fed. Jury Prac. & Instr. § 102:23 (6th ed.).

## NO. 14 – GENERAL INSTRUCTIONS

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. Do not be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

Nothing I say in these instructions indicates I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.[15]

---

[15]  Kevin F. O'Malley, Jay E. Grenig, & Hon. William C. Lee, 3 Fed. Jury Prac. & Instr. § 103:01 (6th ed.).

## NO. 15 – EVIDENCE IN THE CASE

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to and all facts and events that may have been judicially noticed.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, unless otherwise instructed, you must accept the stipulation and regard that fact as proved.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.[16]

---

[16]    Kevin F. O'Malley, Jay E. Grenig, & Hon. William C. Lee, 3 Fed. Jury Prac. & Instr. § 103:30 (6th ed.).

## NO. 16 – USE OF DEPOSITIONS AS EVIDENCE

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by attorneys for the parties to the case. The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing under oath. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.[17]

---

[17]   Kevin F. O'Malley, Jay E. Grenig, & Hon. William C. Lee, 3 Fed. Jury Prac. & Instr. § 105:02 (6th ed.).

## NO. 17 – DIRECT AND CIRCUMSTANTIAL EVIDENCE

Generally speaking, there are two types of evidence presented during a trial—direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

The law generally makes no distinction between the weight or value to be given to either direct or circumstantial evidence. A greater degree of certainty is not required of circumstantial evidence. You are required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.[18]

---

[18]     Kevin F. O'Malley, Jay E. Grenig, & Hon. William C. Lee, 3 Fed. Jury Prac. & Instr. § 104:05 (6th ed.).

## NO. 18 – PREPONDERANCE OF THE EVIDENCE

Plaintiff has the burden in a civil action, such as this, to prove every essential element of plaintiff's claim by a preponderance of the evidence. If plaintiff should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence, you should find for defendant as to that claim.

"Establish by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.[19]

---

[19]    Kevin F. O'Malley, Jay E. Grenig, & Hon. William C. Lee, 3 Fed. Jury Prac. & Instr. § 104:01 (6th ed.).

## <u>NO. 19 – IMPEACHMENT – INCONSISTENT STATEMENT OR CONDUCT</u>

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.[20]

---

[20]     Kevin F. O'Malley, Jay E. Grenig, & Hon. William C. Lee, 3 Fed. Jury Prac. & Instr. § 105:04 (6th ed.).

## NO. 20 – INFERENCES

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.[21]

---

[21]    Kevin F. O'Malley, Jay E. Grenig, & Hon. William C. Lee, 3 Fed. Jury Prac. & Instr. § 104:20 (6th ed.).

## NO. 21 – FAIR CREDIT REPORTING ACT GENERALLY

The purpose of the Fair Credit Reporting Act, in the words of the statute, is as follows:

> It is the purpose of the Act to require that consumer reporting agencies adopt
> reasonable procedures for meeting the needs of commerce for consumer credit,
> personnel, insurance and other information in a manner which is fair and
> equitable to the consumer, with regard to the confidentiality, accuracy, relevancy
> and proper utilization of such information.[22]

---

[22]     Kevin F. O'Malley, Jay E. Grenig, & Hon. William C. Lee, 3 Fed. Jury Prac. & Instr. §
153:10 (6th ed.) (modified to omit extraneous information).

## NO. 22 -- DEFINITIONS

For purposes of the Act, the term "consumer" means an individual.

A "consumer report" generally means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for employment purposes.

A "consumer reporting agency" is any person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and who uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

"Employment purposes," when used in connection with a consumer report, means a report used for the purpose of evaluating a consumer for employment, promotion, reassignment or retention as an employee.

A "person" is any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity.[23]

---

[23]     Kevin F. O'Malley, Jay E. Grenig, & Hon. William C. Lee, 3 Fed. Jury Prac. & Instr. § 153:30-31, 153:33, 153:35, 153:37 (6th ed.) (modified to omit extraneous information).

## NO. 23 – FAIR CREDIT REPORTING ACT SECTION 1681b(b)(2)(A)

Plaintiff Kelvin Thomas alleges that Defendants' Background Check Disclosure Form, signed by Plaintiff and the class members prior to the running and acquiring of their background checks, willfully violated Section 1681b(b)(2)(A) of the Fair Credit Reporting Act.  This Section requires that, prior to obtaining a consumer report:

**(1)** a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and

**(2)** the consumer has authorized in writing the procurement of the report by that person.[24]

Plaintiff alleges that Defendants disclosure form violates these requirements, which Defendants deny.

---

[24]     15 U.S.C.§ 1681b(b)(2).

## NO. 24 – ELEMENTS OF WILLFUL NONCOMPLIANCE WITH SECTION 1681b(b)(2)(A)

Plaintiff claims that Defendants willfully failed to provide a disclosure form that complied with the requirements of Section 1681b(b)(2)(A).  Plaintiff has the burden of proof on each of the following propositions:

First: Defendants willfully failed to comply with the Fair Credit Reporting Act by failing to provide a disclosure form that complied with the requirements of Section 1681b(B)(2)(A);

Second: Plaintiff and the Class were injured; and

Third: The willful failure of Defendants to comply was the proximate cause of injury to Plaintiff and the Class.

Your verdict on this claim will be for Plaintiff if you find that the Plaintiff proved that Defendants willfully failed to comply with the Fair Credit Reporting Act, that Plaintiff and the Class were injured and the willful failure to comply was a proximate cause of those injuries.

Your verdict on this claim will be for Defendants if Plaintiff does not prove a willful violation of the Act, or if Plaintiff and the Class were not injured, or if any injury was not proximately caused by the willful violation of the Act.[25]

---

[25]     Kevin F. O'Malley, Jay E. Grenig, & Hon. William C. Lee, 3 Fed. Jury Prac. & Instr. § 153:21  (6th ed.) (modified to reflect Section 1981b(b)(2)(A) and the existence of the Class).

## NO. 25 – COMPLIANCE WITH SECTION 1681b(b)(2)(A)

As I stated earlier, Plaintiff Kelvin Thomas alleges that Defendants' Background Check Disclosure Form, signed by Plaintiff and the class members prior to the performance of their background checks, violated Section 1681b(b)(2)(A). Defendants deny that their Disclosure Form violated Section 1681b(b)(2)(A).

In order to find that Defendants' disclosure form violated this Section of the Act, you must find that Plaintiff carried his burden of proving that:

(1) Defendants' form did not contain a disclosure that "clearly" informed applicants that the employer wished to obtain a consumer report for employment purposes. For the purposes of compliance with Section 1681b(b)(2)(A), "clearly" is defined as "reasonably understandable." Accordingly, this requires that the Defendants' disclosure form allows an applicant to reasonably understand that a consumer report would be obtained and allows the applicant to make an informed decision;

(2) Defendants' form did not contain a disclosure that "conspicuously" informed applicants that the employer wished to obtain a consumer report for employment purposes. In this context, "conspicuous" means so written, displayed, or presented that a reasonable person would have noticed it;

(3) Defendants' form did not consist "solely" of the disclosure and authorization sections. This requirement precludes a disclosure from containing any extraneous information, other than the authorization section collecting personal information, that would distract or otherwise detract from the disclosure section;

(4) Plaintiff and the Class did not "authorize" the procurement of the consumer reports by signing the Defendants' form. For the purposes of Section 1681b(b)(2)(A), it is sufficient that an

applicant's signature on an otherwise compliant form is adequate to satisfy the authorization requirement.

Your verdict on this claim will be for Defendants if you find that Plaintiff has not carried his burden of proof on both of these elements.

If you find that Defendants' disclosure form violated the Act, you must determine whether any such violation caused Plaintiff and the Class injury, and whether such violation was willful, before damages can be awarded. [26]

---

[26]     15 U.S.C.§ 1681b(b)(2); Milbourne v. JRK Residential America, LLC, No. 3:12-cv-861, 2016 WL 1071570  (E.D. Va. Mar. 15, 2016) (Payne, J.).

## NO. 26 – PROXIMATE CAUSE GENERALLY

The term "proximate cause" means that there must be a connection between Defendants' conduct that Plaintiff claims was in violation of the Fair Credit Reporting Act and the injury complained of by the Plaintiff.  The act Plaintiff claims to have produced the injury must have been a natural and probable result of Defendants' conduct.  You must find that Plaintiff and each and every Class Member was injured as a natural and probable result of Defendants' conduct. [27]

---

[27]    Kevin F. O'Malley, Jay E. Grenig, & Hon. William C. Lee, 3 Fed. Jury Prac. & Instr. § 153:50  (6th ed.) (slightly modified).

## NO. 27 – WILLFUL VIOLATION OF SECTION 1681b(b)(2)(A)

If you find that Defendants violated Section 1681b(b)(2)(A) of the Act, and you find that such violation caused Plaintiff and the class injury, before you can award damages, you must also find that such violation was "willful."  A defendant acts willfully under the Fair Credit Report by either (1) knowingly, or (2) recklessly, disregarding its statutory duty.

Knowingly refers to an omission or failure to do an act voluntarily and intentionally, and with specific intent to fail to do something the law requires to be done; in other words, with a purpose either to disobey or disregard the law.  If you find that Plaintiff proved by a preponderance of the evidence that Defendants acted with the specific purpose to either disobey or disregard the FCRA, you may find the violation was knowing and, thus, willful.

Recklessly refers to actions entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known.  However, an FCRA violation is not reckless where a defendant relies on a reasonable interpretation of the FCRA or otherwise has a good faith belief that it is in compliance with the FCRA, even if its understanding of its statutory obligations is erroneous.  Rather, a plaintiff must prove, at minimum, that the defendants' reading of the FCRA is objectively unreasonable.  Thus, in determining whether Defendants acted recklessly, you should first determine whether Defendants' conduct is supported by a reasonable reading of the provisions of the FCRA.  If you find that Defendants conduct was supported by a reasonable reading of the FCRA, you must find in favor of Defendants.

If, on the other hand, you determine Defendants' interpretation of the Act was objectively unreasonable, Plaintiff must also show that Defendants ran a risk of violating the FCRA that was substantially greater than the risk associated with a reading that was merely careless.  You should consider what steps Defendants took to comply.  Recklessness is a higher standard than

negligence; if you conclude, based on the evidence presented at trial, that Defendants were merely negligent, you must find in favor of Defendants.

If, in light of the evidence of Defendants' policies and practices regarding the FCRA, you find that Plaintiff proved by a preponderance of the evidence that Defendants acted recklessly with respect to its obligations under Section 1681b(b)(2)(A), you may find the violation was reckless and, thus, willful.

If you ultimately find that Plaintiff met his burden of proving a willful violation that caused him and the Class injury, you may proceed to determine statutory damages.

If you ultimately find that Plaintiff failed to prove a willful violation of Section 1681b(b)(2)(A), then you must enter a verdict for Defendants and award no damages on this claim.[28]

---

[28]    Safeco Ins. Co. v. Burr, 551 U.S. 47, 57–60, 73, 127 S.Ct. 2201, 167 L.Ed.2d 1045 (2007); Fuges v. Sw. Fin. Servs., Ltd., 707 F.3d 241, 248 (3d Cir. 2012); Saunders v. Branch Banking And Trust Co. Of VA, 526 F.3d 142, 151 (4th Cir. 2008); Manuel v. Wells Fargo Bank, Nat. Ass'n, 123 F. Supp. 3d 810, 827-28 (E.D. Va. 2015); Claffey v. River Oaks Hyundai, Inc., 494 F.Supp.2d 976, 978-79 (N.D. Ill. 2007); 15 U.S.C.§ 1681b(b)(2)(A).

## NO. 28 – STATUTORY DAMAGES

If you find that Plaintiff met his burden of proving of proving that Defendant willfully failed to comply with any requirement imposed by Section 1681b(b)(2)(A) of the Fair Credit Reporting Act with respect to any individual members of the plaintiff class, you may award damages to those class members.

Plaintiff has elected to pursue what is known as statutory damages rather than actual damages.  The FCRA permits statutory damages of not less than $100 and not more than $1,000 to each class member.  Statutory damages are designed to compensate the class.  They are not intended as punishment – punishment is considered in conjunction with punitive damages, which you may consider later.  Rather, statutory damages are solely to compensate the Plaintiff and Class Members in the event that you find that they suffered an injury due to willful violations of the Fair Credit Reporting Act.

Because they are intended to compensate Plaintiff and the Class for injury, an award of statutory damages requires an individualized inquiry into the harms Plaintiff and the Class may have suffered. Thus, in determining what measure of statutory damages is proper, you should consider only what damages that are necessary to compensate Plaintiff and the Class for any injury you have determined that they individually suffered as a result of willful violations of the FCRA.[29]

---

[29]    Stillmock v. Weis Markets, Inc., 385 F. App'x 267, 276 (4th Cir. 2010) (Wilkinson, J. concurring) ("Congress also provided for punitive damages in addition to any actual or statutory damages . . . . [t]hat Congress did so highlights the fact that statutory damages serve a compensatory, rather than punitive, function."); Bateman v. American Multi-Cinema, Inc., 623 F.3d 708 (9th Cir. 2010); Soutter v. Equifax Info. Servs., LLC, 307 F.R.D. 183, 207 (E.D. Va. 2015); In re Trans Union Corp. Privacy Litig., 211 F.R.D. 328, 342 (N.D. Ill. 2002).

## <u>NO. 29 – FAIR CREDIT REPORTING ACT SECTION 1681b(b)(3)</u>

Plaintiff brings a second claim alleging that Defendants willfully failed to provide "pre-adverse" notices to certain Class Members in violation of Section 1681b(b)(3), which provides that:

In using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates

(i) a copy of the report; and

(ii) a description in writing of the rights of the consumer

For purposes of this section, "adverse action" refers to a decision not to hire an applicant based on information contained in his or her background report.

Defendants deny this allegation.[30]

---

[30]      15 U.S.C.§ 1681b(b)(3); Letter From William Haynes, Attorney, Division of Credit Practices, to Michael Rosen, Senior Vice President and General Counsel, Background America Inc., ("An employer or any other user of consumer report information obtained from a CRA may have the CRA fulfill the user's ministerial obligations under the FCRA.") (June 9, 1998).  *See also*, FEDERAL TRADE COMMISSION, 40 YEARS OF EXPERIENCE WITH THE FAIR CREDIT REPORTING ACT: AN FTC STAFF REPORT WITH SUMMARY OF INTERPRETATIONS, at 53 ("Employers may arrange to have the CRA provide pre-adverse notices directly to consumers[.]").

## NO. 30 – ELEMENTS OF WILLFUL NONCOMPLIANCE WITH SECTION 1681b(b)(3)

Plaintiff claims Defendants willfully failed to provide a notice, in violation of Section 1681b(b)(3), causing Plaintiff and the "adverse action" subclass injury.  Defendants contend that they utilized their background check vendors to provide these notices to its applicants.  Plaintiff has the burden of proof on each of the following propositions:

First: Defendants willfully failed to comply with the Fair Credit Reporting Act by failing to provide a copy of the background report and a summary of rights to Plaintiff and the "adverse action" subclass members prior to the taking of an adverse action, such as declining to hire;

Second: Plaintiff and the "adverse action" subclass were injured; and

Third: The willful failure of Defendants to comply was the proximate cause of injury to Plaintiffs and the "adverse action" subclass.

Your verdict on this claim will be for Plaintiff and the "adverse action" subclass if you find that the Plaintiff proved that Defendants willfully failed to comply with the Fair Credit Reporting Act, that Plaintiff and the "adverse action" subclass were injured and the willful failure to comply was a proximate cause of those injuries.

Your verdict on this claim will be for Defendants if Plaintiff does not prove a willful violation of the Act, or if Plaintiff and the "adverse action" subclass were not injured, or if any injury was not proximately caused by the willful violation of the Act.[31]

---

[31]    Kevin F. O'Malley, Jay E. Grenig, & Hon. William C. Lee, 3 Fed. Jury Prac. & Instr. § 153:21  (6th ed.) (modified to reflect Section 1681b(b)(2)(A) and the existence of the Class).

## NO. 31 – COMPLIANCE WITH FAIR CREDIT REPORTING ACT SECTION 1681b(b)(3)

As I stated earlier, Plaintiff brings a second claim arising under Section 1681b(b)(3), alleging that the Defendants' failed to provide "pre-adverse" notices to himself and certain members of the Class, in violation of Section 1681b(b)(3).  Defendants deny this allegation, contending that it utilized its background check vendors to provide "pre-adverse" notices to Defendants' applicants.

In order to find that Defendants violated Section 1681b(b)(3), you must find that Plaintiff carried his burden of proving that Defendants' applicants were not provided a copy of their background report and a description of their consumer rights, before an adverse action was taken based on the information contained in the report.

Your verdict on this claim will be for Defendants if you find that Plaintiff has not carried his burden of proof.

You are instructed that, as a matter of law, entities such as the Defendants may fulfill the Act's obligations by utilizing a third-party, such as a background check vendor, to provide notices to the consumer on their behalf.  However, whether and to what extent that was done in this case is for you to determine.  You may find that all, some, or none of the "adverse action" subclass received these notices.[32]

---

[32]    15 U.S.C.§ 1681b(b)(3); Letter From William Haynes, Attorney, Division of Credit Practices, to Michael Rosen, Senior Vice President and General Counsel, Background America Inc., ("An employer or any other user of consumer report information obtained from a CRA may have the CRA fulfill the user's ministerial obligations under the FCRA.") (June 9, 1998).  *See also*, FEDERAL TRADE COMMISSION, 40 YEARS OF EXPERIENCE WITH THE FAIR CREDIT REPORTING ACT: AN FTC STAFF REPORT WITH SUMMARY OF INTERPRETATIONS, at 53 ("Employers may arrange to have the CRA provide pre-adverse notices directly to consumers[.]").

## NO. 32 – PROXIMATE CAUSE GENERALLY

The term "proximate cause" means there must be a connection between Defendants' conduct that plaintiff claims was in violation of the Fair Credit Reporting Act and the injury complained of by the plaintiff.  The act plaintiff claims to have produced the injury must have been a natural and probable result of Defendants' conduct.  You must find that Plaintiff and each and every Class Member was injured as a natural and probable result of Defendants' conduct.[33]

---

[33]     Kevin F. O'Malley, Jay E. Grenig, & Hon. William C. Lee, 3 Fed. Jury Prac. & Instr. § 153:50  (6th ed.) (slightly modified).

## NO. 33 – WILLFUL VIOLATION OF SECTION 1681b(b)(3)

If you find that Defendants violated Section 1681b(b)(3) of the Act, and you find that such violation caused Plaintiff and the class injury, before you can award damages, you must also find that such violation was "willful."  A defendant acts willfully under the Fair Credit Report by either (1) knowingly, or (2) recklessly, disregarding its statutory duty.

Knowingly refers to an omission or failure to do an act voluntarily and intentionally, and with specific intent to fail to do something the law requires to be done; in other words, with a purpose either to disobey or disregard the law.  If you find that Plaintiff proved by a preponderance of the evidence that Defendants acted with the specific purpose to either disobey or disregard the FCRA, you may find the violation was knowing and, thus, willful.

Recklessly refers to actions entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known.  However, an FCRA violation is not reckless where a defendant relies on a reasonable interpretation of the FCRA or otherwise has a good faith belief that it is in compliance with the FCRA, even if its understanding of its statutory obligations is erroneous.  Rather, a plaintiff must prove, at minimum, that the defendants' reading of the FCRA is objectively unreasonable.  Thus, in determining whether Defendants acted recklessly, you should first determine whether Defendants' conduct is supported by a reasonable reading of the provisions of the FCRA.  If you find that Defendants conduct was supported by a reasonable reading of the FCRA, you must find in favor of Defendants.

If, on the other hand, you determine Defendants' interpretation of the Act was objectively unreasonable, Plaintiff must also show that Defendants ran a risk of violating the FCRA that was substantially greater than the risk associated with a reading that was merely careless.  You should consider what steps Defendants took to comply.  Recklessness is a higher standard than

negligence; if you conclude, based on the evidence presented at trial, that Defendants were merely negligent, you must find in favor of Defendants.

If, in light of the evidence of Defendants' policies and practices regarding the FCRA, you find that Plaintiff proved by a preponderance of the evidence that Defendants acted recklessly with respect to its obligations under Section 1681b(b)(3), you may find the violation was reckless and, thus, willful.

If you ultimately find that Plaintiff met his burden of proving a willful violation that caused him and the Class injury, you may proceed to determine statutory damages.

If you ultimately find that Plaintiff failed to prove a willful violation of Section 1681b(b)(3), then you must enter a verdict for Defendants and award no damages on this claim.[34]

---

[34]     Safeco Ins. Co. v. Burr, 551 U.S. 47, 57–60, 73, 127 S.Ct. 2201, 167 L.Ed.2d 1045 (2007); Fuges v. Sw. Fin. Servs., Ltd., 707 F.3d 241, 248 (3d Cir. 2012); Saunders v. Branch Banking And Trust Co. Of VA, 526 F.3d 142, 151 (4th Cir. 2008); Manuel v. Wells Fargo Bank, Nat. Ass'n, 123 F. Supp. 3d 810, 827-28 (E.D. Va. 2015); Claffey v. River Oaks Hyundai, Inc., 494 F.Supp.2d 976, 978-79 (N.D. Ill. 2007); 15 U.S.C.§ 1681b(b)(3).

## NO. 34 – STATUTORY DAMAGES

If you find that Plaintiff met his burden of proving of proving that Defendant willfully failed to comply with any requirement imposed by Section 1681b(b)(3) of the Fair Credit Reporting Act with respect to any individual members of the plaintiff class, you may award damages to those class members.

Plaintiff has elected to pursue what is known as statutory damages rather than actual damages. The FCRA permits statutory damages of not less than $100 and not more than $1,000 to each class member. Statutory damages are designed to compensate the class. They are not intended as punishment – punishment is considered in conjunction with punitive damages, which you may consider later. Rather, statutory damages are solely to compensate the Plaintiff and Class Members in the event that you find that they suffered an injury due to willful violations of the Fair Credit Reporting Act.

Because they are intended to compensate Plaintiff and the Class for injury, an award of statutory damages requires an individualized inquiry into the harms Plaintiffs may have suffered. Thus, in determining what measure of statutory damages is proper, you should consider only those damages that are necessary to compensate Plaintiff and the class for any injury you have determined that they individually suffered as a result of willful violations of the FCRA.[35]

---

[35]     Stillmock v. Weis Markets, Inc., 385 F. App'x 267, 276 (4th Cir. 2010) (Wilkinson, J. concurring) ("Congress also provided for punitive damages in addition to any actual or statutory damages . . . . [t]hat Congress did so highlights the fact that statutory damages serve a compensatory, rather than punitive, function."); Bateman v. American Multi-Cinema, Inc., 623 F.3d 708 (9th Cir. 2010); Soutter v. Equifax Info. Servs., LLC, 307 F.R.D. 183, 207 (E.D. Va. 2015); In re Trans Union Corp. Privacy Litig., 211 F.R.D. 328, 342 (N.D. Ill. 2002).

## NO. 35 -- DUTY TO DELIBERATE

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.[36]

---

[36]    Kevin F. O'Malley, Jay E. Grenig, & Hon. William C. Lee, 3 Fed. Jury Prac. & Instr. § 106:01 (6th ed.).

## NO. 36 -- ELECTION OF FOREPERSON – GENERAL VERDICT

Upon retiring to the jury room, you will select one of you to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesperson here in court.

Verdict forms have been prepared for your convenience. *[Read forms of verdict]*.

You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form that sets forth the verdict upon which you unanimously agree. You will then return with your verdict to the courtroom.[37]

---

[37]     Kevin F. O'Malley, Jay E. Grenig, & Hon. William C. Lee, 3 Fed. Jury Prac. & Instr. § 106:04 (6th ed.).